## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

JUDITH YIGAL and OMRI YIGAL, )
                                )
          Plaintiffs,     )
                                )
v.                             )         CV421-230
                                )
JULIA A. BUTLER, *et al.*,    )
                                )
          Defendants.    )

## ORDER AND REPORT AND RECOMMENDATION

The Court previously directed the *pro se* plaintiffs in this case, Judith Yigal and Omri Yigal, to show cause why this case should not be dismissed as redundant. *See* doc. 15 (citing *Yigal v. Cole, et al.*, CV4:21-079, doc. 1 (S.D. Ga. Jan. 16, 2021)). In that Order, the Court noted that the two cases "involve[ ] nearly identical claims, facts, and defendants . . . ." *Id.* The Court directed the plaintiffs to respond within thirty days, *i.e.* no later than September 19, 2021. Some three months after that deadline ran, the plaintiffs filed their response.[1] *See* doc. 21 (filed

---

[1] Plaintiffs' failure to timely respond to the Court's Order provides an independently sufficient ground for dismissal of this case. *See* Fed. R. Civ. P. 41(b). Since, as discussed below, the Court lacks subject matter jurisdiction over this case, the Court need not reach that independently sufficient ground.

December 28, 2021). That response shows that this case should be dismissed.

Plaintiffs' response to the show-cause Order states in part, in unedited form, that:

> The reason the case *Yigal et. al., v. Butler et. al.*, CV421-230 appear similar to *Yigal v. Cole, et. al.*, CV4:21-079 is the Defendants are essentially the same but the Cause of Action is different; in the former the cause of action is custody and in the latter, the cause of action is damages for violations of civil rights and deprivation of rights under the color of law.

Doc. 21 at 1, ¶ 3. That response clearly alleges that this case, albeit framed through different causes of actions, concerns "custody." However, the Complaint, originally filed in the Western District of Washington and then transferred to this Court, asserts jurisdiction based on diversity of citizenship and 42 U.S.C. § 1983. *See* doc. 1-1 at 4-5.

It is well established that federal courts are courts of limited jurisdiction; possessing only the power afforded to them by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Supreme Court has clearly held that "the domestic relations exception [to federal courts' diversity jurisdiction, pursuant to 28 U.S.C. § 1332] . . . divests the federal courts of power to issue divorce, alimony, *and child custody* decrees."

*Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (emphasis added). Specifically, in child custody cases, the Supreme Court explained over 100 years ago that "[t]he whole subject of the domestic relations of husband and wife, *parent and child*, belongs to the laws of the states, and not to the laws of the United States.  As to the right to the control and possession of [a] child, . . . it is one in regard to which neither the Congress of the United States, nor any authority of the United States, has any special jurisdiction."  *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890).  Consistent with that precedent, this Court has also held that "[s]ubjects of divorce, [child] custody, and alimony are within the exclusive jurisdiction of the state courts . . . ."  *Grevious v. Sonner*, 2016 WL 7424128, at * 1 (S.D. Ga. Nov. 18, 2016), *adopted* 2016 WL 7422671 (S.D. Ga. Dec. 22, 2016).

Even assuming that there are exceptional circumstances where a federal court might have jurisdiction over a child-custody determination, *see, e.g., Grevious*, 2016 WL 7424128, at * 1 ("under almost all circumstances the federal courts lack jurisdiction over" custody disputes), the Yigal's pleading in this case makes it clear that they do not seek a custody determination, but to overturn a custody determination

previously made by a state court.  *See, e.g.,* doc. 1-1 at 8 (referring to proceedings in Georgia and Ohio state courts).[2]  Although the exact procedural history of the underlying state court custody proceeding is not entirely clear, it is clear that this Court may not review the propriety of any decisions by state courts.  *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  To the extent that this suit seeks an Order from this Court overturning the state court's custody determination, this Court lacks jurisdiction.  *See Butterfield v. JetBlue Airways Corp.*, 2022 WL 291003, at * 3 (11th Cir. Feb. 1, 2022) (citing, *inter alia.*, *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1262-63 (11th Cir. 2021)).

Regardless of whether the instant case seeks an original custody determination from this Court or review of a previously entered custody determination from a state court, this Court lacks subject matter jurisdiction.  "It is to be presumed that a cause lies outside [of a federal court's] limited jurisdiction, [cit.], and the burden of establishing the

---

[2] As plaintiffs have affirmatively stated that this case arises out of the same facts as *Yigal v. Cole, et. al.*, CV421-079, *see* doc. 21 at 3, the Court notes that the Complaint in that case includes considerably more detailed allegations concerning the state court proceedings.  *See* CV421-079, doc. 1 at 10-12 (referring to defendant Hon. Thomas Cole's "Order Transferring Immediate Temporary Legal Custody"), 20 (quoting an unspecified judicial order appointing defendant Julia Butler the minor child's "temporary custodian").

contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal quotation marks and citations omitted).  Since it appears that, however construed, this Court lacks subject matter jurisdiction over plaintiffs' "custody" claims, this case should be **DISMISSED**.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Among the pending motions, two can be resolved with dispatch. Plaintiffs have filed two nearly identical motions for "Change of Venue." *See* docs. 14 & 16.  Both motions request that this case be transferred to the "Regional Trial Court, Region X, Branch 4-FC, Prosperidad, Agusan del Sur 8500," in the Republic of the Philippines.  *See* doc. 14 at 1; doc. 16 at 1.  The motions are also seek the same relief as a motion plaintiffs filed in the related case, *Yigal, et al. v. Cole, et al.*, CV421-079, doc. 16 (S.D. Ga. Mar. 31, 2021).  The Court denied that motion in May.  *See* CV421-079, doc. 20 at 4-7 (S.D. Ga. May 20, 2021).

As the Court previously explained:

> There is no mechanism for this Court to 'transfer' a case to a court outside the jurisdiction of the United States.  The judicial systems of different countries are distinct entities and their respective structures, practices, and policies are often incompatible with one another.  This Court does not possess the authority to compel a foreign court to accept a case or the

> ability to coordinate such transfer. If plaintiffs wish their
> claims to be heard by a Philippine court, they should move to
> voluntarily dismiss this case and refile it in the appropriate
> Philippine court.

CV421-079, doc. 20 at 4-5. Although the plaintiffs assert different factual bases for the instant motion, the factual differences do not change this Court's inability to "transfer" this case to the Republic of the Philippines. Their motions are, therefore, **DENIED**. Docs. 14 & 16. The plaintiffs' remaining motions, docs. 17, 19, 20, 22, cannot be resolved unless the Court determines that it has subject matter jurisdiction over this case.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>14th</u> day of February, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA