IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUDITH YIGAL, and OMRI YIGAL, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:21-cv-230 |
| v. | |
| JULIA A. BUTLER, et al., | |
| Defendants. | |

**O R D E R**

Before the Court is the Magistrate Judge's Report and Recommendation recommending that *pro se* plaintiffs Judith and Omri Yigal's case be dismissed for lack of jurisdiction. (Doc. 23.) On the same day the Magistrate Judge entered the Report and Recommendation, the Yigals filed a document captioned "Interlocutory Appeal and Motion for Extraordinary Relief." (Doc. 24.) That document does not address, in any way, the substance of the Magistrate Judge's analysis or recommendation. Approximately two weeks after the deadline to submit objections to the Report and Recommendation, the Yigals filed a motion requesting that this case be "transferred" to the Honorable J. Randall Hall for disposition. (Doc. 25.) That document does address the Magistrate Judge's Report and Recommendation. (See id.) The Court will, therefore, discuss its contentions below. Finally, the Yigals have also filed a formal objection to the Report and Recommendation. (Doc. 26.)

The Magistrate Judge's recommendation originated in a prior Order directing the Yigals to show cause why this case was not redundant of another case they have pending in this Court. (See doc. 15.) That Order noted that the pleadings in this case "involve[ ] nearly identical claims, facts,

and defendants" as another case pending in this Court. (Id. (citing Yigal v. Cole, 4:21-cv-079 (S.D. Ga. Jan. 16, 2021)). The Magistrate Judge directed the Yigals that they could request consolidation of that case with any novel claims asserted in this case. (Id.) The Yigals responded to that Order, albeit out-of-time, and stated that the reason for the similarity in the cases was that, although the facts "appear similar" and the defendants "are essentially the same," the "Cause of Action [in this case] is different." (Doc. 21 at 1.) Their response states expressly that "the cause of action [in this case] is custody, and in [4:21-cv-079], the cause of action is damages for violations of civil rights and deprivation of rights under the color of law." (Id.) The Magistrate Judge, crediting and quoting the Yigals' response, analyzed whether there was any basis for this Court to exercise jurisdiction over a "custody" dispute. (See doc. 23 at 2-5.) He concluded that there was not, and recommended dismissal of this case for lack of subject matter jurisdiction. (Id. at 5.)

The Yigals object to the Magistrate Judge's recommendation, first, because he "reframes the Nature of the Cause of Action as a 'custody' and argues in the Order accordingly." (Doc. 25 at 1 (unedited).) They then proceed to argue that the "Nature of the Cause of Action" is, rather violations of the Racketeer Influenced and Corrupt Organizations Act, an action for "Deprivation of Rights Under the Color of Law," pursuant to 42 U.S.C. § 1983, and a criminal statute. (Id.) The most charitable construction that the Court can find for the Yigals' blatant contradiction of their response to the Show Cause Order is that they have confused this case with their other case. Regardless, it is clear that either this case concerns "custody," in which case the Magistrate Judge's analysis of jurisdiction under that theory was correct, or it is an action for damages under some other statutory scheme, in which case it is redundant of their other case.

Although the Yigals do not identify any substantive defect in the Magistrate Judge's analysis of this Court's power over custody disputes, they do argue that this Court has jurisdiction based on the parties' diversity of citizenship. (See doc 25 at 1.) The Magistrate Judge's analysis, however, relies, in part, on the fact that the United States Supreme Court has recognized that the statute establishing this Court's diversity jurisdiction excludes "child custody." (Doc. 23 at 2-3 (quoting Ankendrandt v. Richards, 504 U.S. 689, 703 (1992); Ex parte Burrus, 136 U.S. 586, 593-94 (1890)). The Yigals' attempt, in their objection, to establish this Court's subject matter jurisdiction on diversity grounds, therefore fails. The Magistrate Judge also noted that, to the extent that the Yigals appeared to be seeking relief from a custody determination that was already made by a state court, this Court lacked jurisdiction to review the propriety of that determination. (Doc. 23 at 4 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). This Court is not empowered to review the decisions of state courts, even when the party challenging those decisions is a citizen of a different state. See, e.g., Behr v. Campbell, 8 F.4th 1206, 1209-10 (11th Cir. 2021) ("[S]tate court litigants do not have a right of appeal in the lower federal courts; they cannot come to federal district courts complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (internal quotation marks and citation omitted)). To the extent that the Yigals' "Motion to Transfer" asserts objections to the Magistrate Judge's Report and Recommendation, those objections are **OVERRULED**.

The Yigals' formal objection concerns the fourteen-day deadline for filing objections. (See doc. 26 at 1). Because they are located in "a foreign country," which the Court is aware from their other pleadings is the Philippines, and are relying on "snail mail" to both receive documents from the Court and submit documents for filing, they contend that "fourteen calendar days[ ] is not

reasonable nor realistic."  (Id.)   Contrary to the Yigals' implication, the Magistrate Judge did not establish the fourteen-day period for objections by fiat.  It is established by statute.  See 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's report and recommendation] as provided by the rules of court.").  Moreover, it is well-established that "the clerk's mailing of notice is deemed to be notice to a party, and service by mail is complete upon mailing."  Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 896 (11th Cir. 2007) (citing Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988)).  To the extent that the Yigals object to the statutory objection period as unreasonable, based on the time it takes for them to receive documents mailed by the Clerk, their objection is **OVERRULED**.

To the extent that the Yigals request a "transfer" of this case to the Honorable J. Randall Hall, (doc. 25), the Court construes their request as a Motion to Recuse.  See, e.g., Retic v. United States, 215 F. App'x 962, 964 (11th Cir 2007) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (citation omitted)).  As this Court has explained:

> Recusal is governed by 28 U.S.C. §§ 144 and 455.  Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012).  Under Section 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists."  Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000); see also Jones, 459 F. App'x 811 ("The facts alleged in the affidavit must show that the bias was personal, not judicial in nature." (citing United States v. Archbold-Newball, 554 F.2d 665, 682 (5th Cir. 1977))).  Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).  Any doubts must be

4

resolved in favor of recusal.  United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

Daker v. Allen, 2018 WL 9987239, at *1 (S.D. Ga. Mar. 12, 2018) (Hall, C.J.).  The Yigals have not submitted an affidavit.  (See generally doc. 25.)  Other than objections to the Magistrate Judge's rulings, the only facts proffered are related to this Court's location in Savannah, where the facts alleged in the Complaint all occurred.  (Id. at 2 (alleging that the defendants, "the group of persons associated together for a common purpose of engaging in a course of conduct is Savannah-based; and as such there is bias and / or political pressure (in the local community) to shield, protect, or defend their conduct . . .").  The fact that the defendants reside in the same city as this Court is not a basis for recusal.  Plaintiffs' Motion is **DENIED**.  (Doc. 25.)

For the reasons explained above, and after a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's February 14, 2022, Report and Recommendation.  (Doc. 23.) The Court **ADOPTS** the Report and Recommendation as its opinion**.**  For the reasons discussed by the Magistrate Judge, the pleading, (doc. 1), is

**DISMISSED**.  The Clerk of Court is **DIRECTED** to **CLOSE** this case.  All pending motions are **DISMISSED** as moot.[1]

    **SO ORDERED**, this 21st day of March, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Although not necessary to its disposition, the Court wishes to correct a misunderstanding of the Magistrate Judge's Report and Recommendation.  The Yigals object that the Magistrate Judge "seems to go out of his way to punish the Plaintiffs by stipulating to this Honorable Court that no appeal be allowed." (Doc. 26 at 1.)  Neither the Magistrate Judge, nor indeed any Judge of this Court, can preclude a proper appeal.  See, e.g., 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court.").  The only time that the Report and Recommendation mentions an "appeal" is in the admonition concerning the risk of waiver of arguments on appeal if a party fails to assert those arguments in an objection to a magistrate judge's report and recommendation.  (See doc. 23 at 7.)  That notice informs plaintiffs of the effect of the Court of Appeals' rule.  See, e.g., Belser v. Soc. Sec. Admin, Comm'r, 2021 WL 6116639 at *6 (11th Cir. Dec. 27, 2021) ("[T]he failure to object to an R&R waives the right to challenge on appeal a district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." (citing 11th Cir. R. 3-1)).  "In the absence of a proper objection, however, [the Judges of the Court of Appeals] may exercise [their] discretion and review on appeal for plain error if necessary in the interests of justice." Id.  To be explicitly clear: nothing in the Magistrate Judge's Report and Recommendation, and nothing in this Order, limits in any way plaintiff's appellate rights.